# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Cathy B. Walton, ) | Civil Action No. 2:18-1568-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| James E. McPherson, ) | |
| Acting Secretary of the Navy, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 57) recommending the Court grant Defendant's Motion for Summary Judgment (Dkt. No. 47). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's Motion for Summary Judgment.

## I.    Background

Plaintiff Cathy B. Walton brings this action against her employer, alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). (Dkt. No. 5).

On May 5, 2020, Defendant moved for summary judgment. (Dkt. No. 47). On June 11, 2020, Plaintiff filed a response in opposition, (Dkt. No. 52), to which Defendant filed a reply on June 25, 2020, (Dkt. No. 55).

On November 10, 2020, the Magistrate Judge filed an R & R recommending that Defendant's motion be granted in full. On November 24, 2020, Plaintiff filed timely objections, (Dkt. No. 58), to which Defendant, on December 7, 2020, filed a reply, (Dkt. No. 59).

Defendant's motion is fully briefed and ripe for disposition.

## II. Legal Standard

### a. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Plaintiff filed timely objections and the R & R is reviewed *de novo*.

### b. Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020

WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

I.     Discussion

After review of the record, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge accurately set forth the facts and legal principles in this case and therefore adopts the R & R in whole as the order of the Court. Plaintiff filed objections to Magistrate Judge's findings regarding Plaintiff's Title VII and ADEA retaliation claims only. The Court will provide pertinent background information on Plaintiff's case and will then address Plaintiff's objections.

Plaintiff, African American and born in 1953, is an employee at the Naval Information Warfare Center – Charleston, formally known as the Space and Naval Warfare Systems Center ("SPAWAR"). In 1999, Plaintiff was promoted to the position of Administrative Specialist and began performing the functions of a contracting officer. Plaintiff has been in the same paygrade ever since.

In the fall of 2012, because of statutory changes directing the Department of Defense and the Navy to change from single-award contracts to multiple-award contracts, SPAWAR "realigned"—or according to Plaintiff "reassigned"—Plaintiff and other employees to the Task Order branch. Plaintiff and other employees perceived this realignment to be a demotion though no employee, including Plaintiff, lost pay or benefits as a result of the realignment. Plaintiff was eventually moved back to her original position.

In the R & R, the Magistrate Judge states that Plaintiff alleges "discrimination and retaliation under Title VII and the ADEA arising from the following three employment

decisions: (1) her 2012 performance assessment, which did not result in a salary pay increase; (2) her reassignment from the Administrative Branch to the Orders Branch of the Contracts Competency in 2013; and (3) her salary, which she learned in November 2012 was lower than some of her counterparts who performed the same work that she did." (Dkt. No. 57 at 6-7) (emphasis added). In her response in opposition to Defendant's motion for summary judgment, Plaintiff withdrew her claims as they applied to incidents (1) and (3). (Dkt. No. 52 at 11) ("As an initial matter, Plaintiff agrees with Defendant's argument regarding Plaintiff's complaints regarding her performance evaluation and her complaints of pay disparity and will not further pursue those issues . . . . There are, however, material issues of fact concerning the demotion of Plaintiff to an undesirable position in the Contracts division of SPAWAR and the retaliatory conduct of Defendant's agents that harmed the Plaintiff.").

The R & R analyzed Plaintiff's remaining claims in relation to the 2013 realignment and recommended granting Defendant summary judgment. Plaintiff filed objections to the R & R. These objections, however, take issue *only* with the Magistrate Judge's findings as per Plaintiff's <u>retaliation</u> claims and not her discrimination claims. *See generally* (Dkt. No. 58).

In her objections, Plaintiff correctly notes that while analyzing her retaliation claims, the Magistrate Judge rejected the contention—found in Plaintiff's opposition to Defendant's motion for summary judgement—that Plaintiff was properly asserting a claim for "failure to promote." The Magistrate Judge wrote: "Plaintiff's 2013 EEO complaint . . . does not include any failure to promote claims. Plaintiff must exhaust her administrative remedies on her Title VII and ADEA claims prior to filing suit, and she cannot now assert a new claim of failure to promote that she did not include in her EEO complaints." (Dkt. No. 57 at 21 & n.5) (noting "[t]hese new allegations regarding the CPI team and a failure to promote were not reasonably related to her

4

original complaints regarding the 2013 realignment, the 2012 performance review, and salary disparities, and there is no evidence that a failure to promote claim was developed as part of the agency's investigation into her complaint").

Plaintiff's first objection is that the above conclusion was in error. (Dkt. No. 58 at 3-4). Specifically, Plaintiff argues that "[t]he Court erred in finding that Plaintiff had not exhausted [a failure to promote] claim . . . as the allegations regarding Donna Johnson refusing to place Plaintiff on team assignments and the devastating impact this refusal had on her promotional opportunities are 'reasonably related' to those raised in Plaintiff's administrative charge." (*Id.* at 4). Plaintiff is incorrect.

Before a federal court may assume jurisdiction over a claim under Title VII, "a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e–5(b), which include an investigation of the complaint and a determination by the EEOC as to whether 'reasonable' cause exists to believe that the charge of discrimination is true." *Davis v. North Carolina Dep't of Corr.,* 48 F.3d 134, 137 (4th Cir. 1995). Generally speaking, this court does not have subject matter jurisdiction under Title VII of claims omitted from the EEOC administrative charge. *Dennis v. County of Fairfax,* 55 F.3d 151, 156–57 (4th Cir. 1995). However, an employee's claims in this court are not strictly limited by the allegations of the EEOC charge, but rather by the scope of the EEOC investigation which can reasonably be expected to result from the charge of discrimination. *King v. Seaboard Coast Line R.R. Co.,* 538 F.2d 581, 583 (4th Cir. 1976); *EEOC v. General Elec. Co.,* 532 F.2d 359, 362 (4th Cir. 1976). In other words, a claim omitted from the administrative charge can be maintained in a Title VII complaint only where the claim is "reasonably related to the allegations and claims in the administrative charge or, if disclosed, the omitted claim could reasonably be expected to follow

5

from the administrative investigation based on the deficient administrative charge." *Nicol v. Imagematrix, Inc.,* 767 F. Supp. 744, 753 (E.D. Va. 1991).

The Court finds that Plaintiff's "failure to promote" claim was not properly exhausted and is not "reasonably related" to the claims Plaintiff presented during the administrative process. Plaintiff's EEO Complaint, (Dkt. No. 5-5), the EEO's Acknowledgement Letter, (Dkt. No. 47-24), and the EEO Report of Investigation, (Dkt. No. No. 52-2), are devoid of references to an alleged failure to promote or a refusal on the part of Donna Johnson, Plaintiff's first-level supervisor, to place Plaintiff on the "CPI Team"—a team which Plaintiff argues would have helped advance her career. Plaintiff has therefore not properly exhausted a failure to promote claim and the Magistrate Judge was correct in rejecting Plaintiff's contention to the contrary. *See Wright v. Kent Cty. Dep't of Soc. Servs.*, No. CIV.A. ELH-12-3593, 2014 WL 301026, at *12 (D. Md. Jan. 24, 2014) ("Moreover, courts have specifically concluded that a failure-to-promote allegation is a separate basis for relief, for which administrative exhaustion is required."); *Chacko v. Patuxent Inst.,* 429 F.3d 505, 509 (4th Cir.2005) ("A claim will also typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits."); *Alston v. Astrue,* 2012 WL 665982, at *4 (D. Md. Feb. 28, 2012) (concluding that plaintiff's "failure-to-promote claims may not proceed before this Court because they were not included in her EEO complaints," and explaining that "a discriminatory failure to promote is not the type of claim that would fall within the 'scope of the administrative investigation that can reasonably be expected to follow' [plaintiff's] initial charges of discrimination"); *see also Sawyers v. United Parcel Service,* 946 F. Supp. 2d 432, 441 (D. Md. 2013) (where administrative charge alleged only supervisor harassment, allegations concerning co-worker

harassment not exhausted) (citing *Chacko,* 429 F.3d at 511).  The Court therefore overrules Plaintiff's first objection.

Plaintiff's second objection is that the Magistrate Judge erroneously determined that a particular statement by Donna Johnson, Plaintiff's first-line supervisor, was not direct evidence that precluded granting summary judgment on Plaintiff's retaliation claims. (Dkt. No. 58 at 9). Sometime in 2012 Johnson stated that she would not ask Plaintiff to participate in the CPI team because she was "afraid that Cathy will file another EEO lawsuit." (Dkt. No. 52-4 at 3).  The Magistrate Judge found that this statement not direct evidence of retaliation as it concerned claims properly before the Court. (Dkt. No. 57 at 20-22) ("Donna Johnson's alleged isolated comment regarding the CPI team is not direct evidence to support Plaintiff's allegation that she was realigned in 2013 because of her prior participation in the EEO process. Because the comment does not mention the 2013 realignment in any way, it does not bear directly on the contested employment decision.") (internal quotation marks omitted).  Plaintiff argues that this was error because (1) Johnson's statement was direct evidence in support of a failure to promote claim; and (2) Johnson's statement was direct evidence of retaliation generally.

Because the Court finds a failure to promote claim is not properly before it, the Court overrules the first part of Plaintiff's second objection as moot. (Dkt. No. 58 at 9-10) (noting "if this Court finds merit with the objections of Plaintiff [regarding proper exhaustion of a failure to promote claim] . . . then Summary Judgment must fail as to the retaliation claims" because of Johnson's statement).  Further, to the extent Plaintiff argues Johnson's statement is direct evidence of retaliation as it concerns the 2013 realignment, the Court overrules this objection as well as Plaintiff all but admits that Johnson's statement is not direct evidence for this claim. (*Id.* at 9) ("Plaintiff disagrees with the R&R in so far as it finds that the statement of Plaintiff's direct

7

supervisor in the presence of her second level supervisor and the testator, Burgsteiner—a now high level manager of the Defendant agency—about Plaintiff's opportunity for advancement in her career being directly effected because of Plaintiff's former EEO complaints is not 'direct evidence' of retaliation. However, *Plaintiff certainly can see the argument that even if the Donna Johnson admissions were direct evidence, that specific direct evidence does not relate –directly, if you will–to Plaintiff's claims about the alleged demotion*.") (emphasis added); *O'Connor v. Consol. Coin Caterers Corp.*, 56 F.3d 542, 548 (4th Cir. 1995) (noting that direct evidence "is evidence which, if believed, would prove the existence of a fact without any inference or presumptions") (internal quotation marks omitted), *rev'd* on other grounds, 517 U.S. 308 (1996); *Bickford v. Denmark Tech. Coll.*, 479 F. Supp. 2d 551, 564 (D.S.C. 2007) (noting "[d]irect evidence is evidence that the employer announced, admitted, or otherwise indicated that the forbidden consideration was a determining factor" in the employer's challenged action) (internal quotation marks omitted)

Plaintiff's third and final objection is that the Magistrate Judge erred in concluding that there was no casual link between Plaintiff's prior EEO claims and the alleged retaliation Plaintiff suffered here—the 2013 realignment. Specifically, Plaintiff argues that the Magistrate Judge ignored pertinent evidence in finding Plaintiff failed "to establish a pattern of antagonism" directed against her by Defendant. (Dkt. No. 58 at 12-13) (objecting "[t]he R&R ignores the remainder of Ms. Burgsteiner's[1] testimony for the purposes of finding causation" and "also disregards the testimony of Patricia Johnson on this point as well.").

To succeed on a retaliation claim under the *McDonnell Douglas* burden-shifting framework, Plaintiff must first establish that (1) she engaged in a protected activity, (2) her

---

[1] The statement attributed to Johnson and discussed *supra* is found in the affidavit of Nina Burgsteiner, a colleague of Plaintiff. (Dkt. No. 52-4 at 4).

8

employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011).

In the R & R, the Magistrate Judge noted that prior to bringing the 2013 EEO complaint that led to this lawsuit, Plaintiff's most recent EEO complaint was in 2007. (Dkt. No. 57 at 23). The Magistrate Judge then noted that "the alleged statement by Donna Johnson is not sufficient to establish a pattern of antagonism or to establish causation between Plaintiff's 2007 EEO activity and the 2013 realignment." (*Id.* at 24). The Magistrate Judge did not explicitly analyze any other evidence put forth by Plaintiff in reaching this conclusion. Plaintiff argues this was error.

Plaintiff argues that the Magistrate Judge should have considered testimony by Nina Burgsteiner and Patricia Johnson. As it regards Bergsteiner:

> In her affidavit—executed prior to her deposition—Burgsteiner discusses the culture of management and the climate of discriminatory ethos present therein. She testifies clearly that the statement of Donna Johnson regarding Plaintiff's EEO complaint history was ". . . not an isolated incident." The R&R finds to the contrary that Donna Johnson's statement was "isolated." Burgsteiner goes on to testify regarding her personal observations of two of the main individuals in the complaint –William Paggi and Donna Johnson –making decisions based on race and age. She also testifies about the lack of promotion of both Patricia Johnson and Plaintiff, including the fact that Plaintiff has been mired in an "NO-4 level since 1999."

(Dkt. 58 at 13) (internal citations omitted). As it pertains to Patricia Johnson, another colleague of Plaintiff:

> Patricia Johnson testifies similarly that she filed a claim regarding the "demotion" which is the subject of this litigation. The defendant therein—the same Defendant here—settled that matter with her as well. Johnson goes on to testify that she personally witnessed at least ten individuals that were promoted over Plaintiff that were significantly younger than her. In her deposition, Patricia Johnson testified regarding the lack of diversity in promotions within the organization. "[H]er claims here really –were being substantiated by the fact that there were really no

9

people of color in any sort of managerial or supervisory positions during those years."

(*Id.*) (internal citations omitted).

The Court overrules Plaintiff's final objection. Burgsteiner's affidavit is devoid of specific testimony relevant to causation as it regards *Plaintiff* and the reasons behind the 2013 realignment. *See, e.g.,* Bergsteiner Affidavit, (Dkt. No. 52-4 at 3-4) (noting "[m]any of the managers I have observed make decisions based on the races and ages of those individuals they supervise" and then recounting an incident from July 2012 which did not directly concern either Plaintiff or the 2013 realignment). The same is true of Patricia Johnson's affidavit, which is devoid of facts tending to show causation as it regards Plaintiff's retaliation claim. *See generally* (Dkt. No. 52-5).

## II.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 57) as the order of the Court and **GRANTS** Defendant's motion for summary judgment (Dkt. No. 47).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

December 10, 2020
Charleston, South Carolina

10